# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIWAN JACKSON, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO.   19-cv-1372 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                              December 7, 2020

On August 8, 2017, April Overton, ("Overton"), the ex-girlfriend of Kiwan Jackson ("Plaintiff"), reported to police that Plaintiff had assaulted her. She filed a police report with an officer and was brought to the Detectives' Division. She was subsequently interviewed by Detective Timothy Connell ("Defendant") and repeated her identification of Plaintiff. Defendant observed that Overton had injuries consistent with her reports of having been assaulted by Plaintiff. Defendant submitted an Affidavit of Probable Cause based on those facts. An arrest warrant was issued by a magistrate judge, and Plaintiff was arrested in Arizona and extradited to Philadelphia. Ultimately, the case was dismissed after Overton failed to appear for two preliminary hearings.

Plaintiff now brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights under the Fourth Amendment to be free from false arrest and malicious prosecution.

Presently before the Court is Defendant's Motion for Summary Judgment. For the following reasons, Defendant's Motion is granted. Plaintiff cannot prevail on his false arrest or malicious prosecution claims unless he establishes that his arrest and prosecution were without probable cause. Viewing the evidence in the light most favorable to Plaintiff as the nonmoving

party, I conclude that probable cause existed as a matter of law.  Therefore, because probable cause existed, summary judgment in favor of Defendant is appropriate.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On August 8, 2017, Overton reported that Plaintiff assaulted her after she exited public transportation.  (Police Report, Ex. B., ECF No. 25-3).  Philadelphia Police Officer Alan Davis responded and took Overton's statement.  (*Id.*; *see also* Davis Dep., Ex. C, ECF No. 25-4).  The report summarizes Overton's description of the incident:

> Complainant states her ex-boyfriend who she hasn't been with in 3 years jumped out of bushes at 6700 Elmwood Ave. while the complainant was getting off the bus and says "hey bitch I got you now" and he punches the complainant in the right side of the face knocking her to the ground and began choking the complainant saying "die bitch die, I'm gonna kill you and them kids."  Bystanders then chase the offender off, complainant goes home and calls police at 5:31 pm.

(Police Report, Ex. B).  Officer Davis observed an injury on Overton's cheek and noted one prior domestic violence report in 2014.  (*Id.*).  Officer Davis transferred the report to the Domestic Violence unit of the Philadelphia Police Department's Detective Division.  (Davis Dep., at 13:18-22, 17:22-24).

Defendant was assigned to the investigation and interviewed Overton.  (Connell Dep., Ex. E, ECF No. 25-6; Overton Interview, Ex. F, ECF No. 25-7).  She named Plaintiff as her assailant and identified him by photograph.  (Overton Interview, Ex. F, at 1-2).  Overton reported that "[Plaintiff] was living in Sharon Hill" and that her last contact with Plaintiff was "about a month ago [when] we went out for drinks and he started an argument about our past relationship."  (*Id.* at 2).  She described the incident:

> I was getting off the trolley at 67th and Elmwood Ave.  I started walking towards Buist Ave when [Plaintiff] hopped out of the bushes and punched me in the face and threw me to the ground and

> started choking me saying "bitch I am going to kill you and those fucking kids!" He said "die bitch die, die!" An unknown male got him off of me and I ran home. They started fighting. I called my dad and my sister and then I called the police.

(*Id.*). She reported injuries on the side of her face and neck, of which Detective Connell took photographs. (*Id.*; Connell Dep., Ex. E, at 23:14-17, 38:9-16).

After the interview, Detective Connell investigated the incident. (Connell. Dep., Ex. E, at 23:19-30:1). He went to the area of the incident to look for cameras and witnesses but could not locate any. (*Id.* at 23:19-22, 24:24-25:8, 34:2-15). Although there were no witnesses or video footage, Detective Connell found Overton credible and concluded there was probable cause to believe an arrest warrant should be issued for Plaintiff. (*Id.* at 34:16-20, 51:7-19). He explained that "she made a police report, she came up to the Detective Division right away, I observed what I thought were injuries, she stated what happened. So, you know, I felt that she was credible." (*Id.* at 51:14-17). Detective Connell searched various Philadelphia, Pennsylvania, and national law enforcement databases and located an address for Plaintiff in Sharon Hill, Pennsylvania. (*Id.* at 25:16-30:5). He completed an Affidavit of Probable Cause charging Plaintiff with strangulation, terroristic threats, simple assault, and reckless endangerment of another person. (Aff. Prob. Cause, Ex. H, ECF No. 25-9). The facts establishing probable cause were set forth in the affidavit as follows:

> On 08/08/17 at 2:30PM the complainant was assaulted by her ex-boyfriend Kiwan Jackson at 6700 Elmwood Ave. The complainant was interviewed inside SWDD [Southwest Detectives Division] and stated she was going home from 3600 Market St. and when she got off trolley at 6700 Elmwood Ave she started walking towards Buist on 67th Street when Kiwan Jackson jumped out of the bushes and punched her in the face and threw her to the ground. He started choking her saying "bitch I am going to kill you and those fucking kids!" He stated "die bitch die, die!" The complainant further stated an unknown male helped get the offender off of her and she ran home.
>
> The complainant suffered swelling and pain on the right side of her

3

>face and the right side of her neck felt swollen and she felt pain when she turned her neck.
>
>The complainant identified a single photo of the offender Kiwan Jackson.

(*Id.*).

Detective Connell submitted the Affidavit of Probable Cause to the District Attorney's Office, along with Overton's interview, the photos of Overton's injury, and Officer Davis' police report. (Connell Dep., at 34:18-20; 57:1-15). Defendant Detective Connell had no further involvement with the matter. (*See id.*). The District Attorney's Office approved the Affidavit of Probable Cause and submitted a criminal complaint to a magistrate judge. (*Id.* at 34:18-20; Crim. Compl., Def.'s Ex. I, ECF No. 25-10). The magistrate judge approved the criminal complaint and issued an arrest warrant for Plaintiff on September 29, 2017. (Warrant, Ex. J, ECF No. 25-11). Officers served the warrant at the Sharon Hill address on October 2, 2017. (Service, Pl.'s Ex. I, ECF No. 26-3; Moody Dep., Pl.'s Ex. D, ECF No. 26-3, at 8:9-12:10). The officers did not locate Plaintiff, but spoke with Plaintiff's sister who resided at the address. (*Id.*). She informed the officers that Plaintiff lived in Arizona and had been living there for a few years. (*Id.* at 12:11-16).

Plaintiff was arrested in Arizona in July 2018 and extradited to Philadelphia in August 2018. (Pl.'s Dep., Def.'s Ex. A, ECF No. 25-2, at 11:7-11; Waiver, Def.'s Ex. K, ECF No. 25-11). The Philadelphia Court of Common Pleas held two preliminary hearings, on October 5, 2018, and October 25, 2018. (Def.'s Statement of Facts, ECF No. 25-1, at ¶ 55). Overton failed to appear at the hearings; thus, the judge dismissed the charges at the second hearing. (*Id.*).

On April 1, 2019, Plaintiff filed the instant action, and filed an Amended Complaint on July 24, 2019. (Pl.'s Compl., ECF No. 1; Pl.'s Am. Compl., ECF No. 10). In his Amended Complaint, Plaintiff alleged that Defendant Detective Connell violated his constitutional rights to

4

be free from malicious prosecution, false arrest, and wrongful imprisonment. (Pl.'s Am. Compl., ECF No. 10, at ¶¶ 71-81).

Plaintiff averred Defendant Detective Connell omitted material facts in the Affidavit of Probable Cause and that probable cause did not exist for his arrest. (*Id.*). Specifically, Plaintiff alleged that discrepancies existed in Overton's reports to the police and thus probable cause did not exist. (*Id.* at ¶¶ 25-36). Plaintiff alleged "Overton changed the location of the falsely alleged assault from the corner of South 67th Street and Elmwood to the middle of the 2500 block of S. 67th Street" and "Overton changed the method of transportation from a 'bus' to a 'trolley.'" (*Id.* at ¶¶ 29-30). He further alleged discrepancies existed in the manner and location of Overton's injuries. (*Id.* at ¶¶ 31-33). In his police report, Officer Davis completed a check-the-box form identifying "offender's actions against complainant" and checked, *inter alia*, "yes" for "slapping open hand?" and "hair pulling?" (*Id.*; *see also* Police Report, Pl.'s Ex. A). Plaintiff contends that in the Affidavit of Probable Cause, "Defendant Connell did not include any statement alleging that Plaintiff slapped [Overton] with an open hand" and he "did not include any statement alleging that Plaintiff pulled her hair." (Pl.'s Am. Compl., ECF No. 10, at ¶¶ 32-33). Plaintiff also alleges that the injury diagram in Officer Davis' police report shows that Officer Davis circled Overton's left eye, but Defendant Connell's interview and photographs indicated the injuries were on the right side of Overton's face. (*Id.* at ¶¶ 34-35). Because of these alleged discrepancies about the location of the incident, Overton's mode of transportation, the manner of her injuries, and the location of her injuries, Plaintiff maintains that probable cause did not exist for his arrest and Defendant Connell violated his constitutional rights to be free from malicious prosecution, false arrest, and wrongful imprisonment. (*Id.* at ¶¶ 71-81).

On April 17, 2020, Defendant Connell filed the instant Motion for Summary Judgment.[1] (Def.'s Mot. Summ. J., ECF No. 25). Defendant Connell asserts that (1) probable cause existed as a matter of law; (2) Plaintiff otherwise fails to put forth evidence showing Defendant Connell maliciously prosecuted him; and (3) qualified immunity bars Plaintiff's claims. (*Id.* at 6-14). Therefore, he requests the Court enter summary judgment in his favor. (*Id.*). Plaintiff responds that summary judgment is improper because "[a] reasonable jury could determine that probable cause did not exist for the arrest and prosecution of Plaintiff." (Pl.'s Resp. Opp'n Summ. J., ECF No. 26, at 5). Plaintiff identifies various alleged deficiencies in Defendant Connell's investigation—for example, he failed to locate any corroborating witnesses or camera footage, failed to speak with Plaintiff before submitting the Affidavit of Probable Cause, and failed to request copies of Facebook conversations between Overton and Plaintiff—and contends that because of these deficiencies, a jury could reasonably find that probable cause did not exist. (*Id.* at 9, ¶¶ 1-5). Plaintiff also maintains that Defendant Connell recklessly omitted material facts from the Affidavit of Probable Cause and that qualified immunity does not apply. (*Id.* at 10-14, 18-19).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court weighs all facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018). "For its part,

---

[1] The parties consented to my jurisdiction pursuant to 28 U.S.C. § 636 on December 9, 2019. (ECF Nos. 14, 16).

'[t]he non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Id.* at 288-89 (quoting *D.E. v. Central Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

"A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Jutrowski*, 904 F.3d at 289 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[C]onversely, where a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is no genuine dispute with respect to a material fact and thus the moving party is entitled to judgment of as a matter of law." *Jutrowski*, 904 F.3d at 289 (quoting *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016)).

## III.   DISCUSSION

In his Motion, Defendant Connell contends summary judgment is appropriate because probable cause existed for Plaintiff's arrest. (Def.'s Mot. Summ. J., ECF No. 25, at 4-11). He also argues summary judgment is proper because Plaintiff cannot otherwise establish a claim for malicious prosecution. (*Id.* at 11-13). He lastly avers that qualified immunity bars Plaintiff's claims. (*Id.* at 13-14). Plaintiff responds summary judgment should be denied because he maintains a jury could reasonably find that probable cause did not exist. (Pl.'s Resp., ECF No. 26, at 7-10).

For the following reasons, Defendant's Motion for Summary Judgment is granted. Plaintiff's malicious prosecution, false arrest, and wrongful imprisonment claims require a

showing that his arrest and prosecution were without probable cause.[2]  Here, probable cause existed for Plaintiff's arrest.  A victim's identification of a perpetrator may constitute probable cause, and Overton consistently identified Plaintiff as her assailant to Officer Davis and to Defendant Connell.  Overton had injuries consistent with her reports.  Viewing the evidence most favorably to Plaintiff as the nonmoving party, probable cause existed as a matter of law.  Accordingly, because probable cause existed, Defendant's Motion is granted.

Claims for malicious prosecution and false arrest both require a lack of probable cause.  To prove a claim under Section 1983 for malicious prosecution, Plaintiff must demonstrate that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

---

[2]  Plaintiff's Amended Complaint also seems to raise a wrongful or false imprisonment claim.  He asserts "Count I:  Malicious Prosecution / False Arrest / Wrongful Imprisonment" but he does not differentiate the three claims.  (Am. Compl., ECF No. 10, at pp. 11).  "False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'" *Cooper v. City of Phila.*, No. 13-6222, 2015 WL 619619, at *3 (E.D. Pa. Feb. 12, 2015) (quoting *Karkut v. Target Corp.*, 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006), *Brockington v. Phila.*, 354 F. Supp. 2d 563, 570 n.8 (E.D. Pa. 2005)).  Plaintiff's Amended Complaint also might raise state law claims, as he maintains the "Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367."  (Am. Compl., ECF No. 10, at ¶ 1).  That is the only mention of state law in the Amended Complaint.  (*See generally id.*).  To the extent Plaintiff raises state law claims, the analysis *infra* applies with equal force because "the probable cause inquiry as to Plaintiff's false arrest, false imprisonment, and malicious prosecution claims—whether styled as state or federal—will be identical." *Cherkas v. White*, No. 17-4498, 2018 WL 1991738, at *2 (E.D. Pa. Apr. 27, 2018); *see also Donahue v. Gavin*, 280 F.3d 371, 379 (3d Cir. 2002) (discussing similar elements of common-law and federal malicious prosecution claims); *Russoli v. Salibsury Twp.*, 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000) ("Pennsylvania state law false arrest claims and federal constitutional claims are co-extensive both as to the elements of proof and elements of damages.").

A claim for false arrest under Section 1983 originates from the Fourth Amendment's protection against unreasonable searches and seizures. U.S. Const. amend. IV. "To make out either a false arrest or false imprisonment claim, [a plaintiff] need[s] to demonstrate that his arrest was unsupported by probable cause." *White v. Andrusiak*, 655 F. App'x 87, 90 (3d Cir. 2016). Where, as is the case here, an arrest is made pursuant to a warrant, a plaintiff may succeed in a Section 1983 false arrest action only where: (1) the officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood in applying for a warrant," and (2) "such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000). (*Id.* at 9-10).

"Probable cause is a complete defense to false-arrest and malicious prosecution claims." *Langford v. Gloucester Twnshp Police Dep't*, 787 F. App'x 120, 122 (3d Cir. 2019) (citing *Goodwin v. Conway*, 836 F.3d 321, 327 (3d Cir. 2016)). "Generally, 'the question of probable cause in a section 1983 damage suit is one for the jury.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998)). "However, a district court may conclude 'that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding,' and may enter summary judgment accordingly." *Merkle*, 211 F.3d at 788-89 (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)).

"Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Wilson*, 212 F.3d at 789 (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)). Put another way, "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable

9

person to believe that an offense has been or is being committed by the person to be arrested."

*Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

The Supreme Court prescribes a "totality-of-the-circumstances approach" to the probable cause determination. *Illinois v. Gates,* 462 U.S. 213, 230 (1983). As the Third Circuit has explained:

> While it is axiomatic that at the summary judgment stage, a court must view the facts in the light most favorable to the nonmoving party, it does not follow that we exclude from the probable cause analysis unfavorable facts an officer otherwise would have been able to consider. Instead, we view all such facts and assess whether any reasonable jury could conclude that those facts, considered in their totality in the light most favorable to the nonmoving party, did not demonstrate a "fair probability" that a crime occurred. Only then would the existence of conflicting evidence rise to the level of a "genuine dispute as to any material fact" such that summary judgment would be inappropriate. Thus, where the question is one of probable cause, the summary judgment standard must tolerate conflicting evidence to the extent it is permitted by the probable cause standard.

*Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468 (3d Cir. 2016).

When assessing probable cause for arrests made pursuant to a warrant, the Third Circuit has also prescribed the steps that a court must take to determine the existence of probable cause:

> [I]n conducting this analysis, the district court must identify any improperly asserted or omitted facts and, if it determines there were reckless misrepresentations or omissions, "excise the offending inaccuracies and insert the facts recklessly omitted" from the affidavit and assess whether the reconstructed affidavit would establish probable cause. If it would, the plaintiff's claim fails because "even if there had been omissions and misrepresentations" in the affidavit presented to the magistrate judge, there would have been probable cause for the charges against the plaintiff.

*Id.* at 470 (quoting *Wilson*, 212 F.3d at 789).

For purposes of resolving the instant motion, we accept Plaintiff's identification of the omitted facts, his contention that they were omitted recklessly,[3] and we will evaluate the reconstructed affidavit based upon the inclusion of these facts. However, we conclude that probable cause nonetheless existed even if the affidavit had included the additional facts.

Plaintiff claims the Affidavit of Probable Cause omitted five pieces of material information:

> 1. Despite the alleged assault occurring in a busy area of Philadelphia, Detective Connell was unable to locate any corroborating witnesses and was unaware of any independent reports concerning the alleged assault and resulting fight thereafter. *See* Plain. Stmt. of Facts, ¶¶ 22, 32-35, 37.
>
> 2. Despite possessing the alleged address of Plaintiff's residence in Sharon Hill, Detective Connell did not make any attempt to speak with Mr. Jackson in the fifty-two days between Ms. Overton's report and Detective Connell's Affidavit of Probable Cause. *See* Plain. Stmt. of Facts, ¶¶ 44-46.
>
> 3. Despite possessing access to the National Criminal Information Center in order to locate Mr. Jackson's residence, Detective Connell allegedly limited his search for Plaintiff to Pennsylvania. *See* Plain. Stmt. of Facts, ¶¶ 2, 40-42.
>
> 4. Despite being informed that Ms. Overton spoke to two family members before reporting the alleged assault, Detective Connell made no attempt to speak to the two family members. *See* Plain. Stmt. of Facts, ¶¶ 23-24.
>
> 5. Despite being informed that Ms. Overton allegedly possessed Facebook communications with Mr. Jackson, Detective Connell did not request copies of the Facebook communications to verify this alleged connection. *See* Plain. Stmt. of Facts, ¶¶ 26-27.

---

[3] Information was recklessly omitted if "the officer withheld 'a fact in his ken that any reasonable person would have known that this was the kind of the thing the judge would wish to know.'" *Dempsey*, 834 F.3d at 470 (quoting *Wilson*, 212 F.3d at 788). This definition requires that "the information must be relevant to the existence of probable cause." *Dempsey*, 834 F.3d at 471. "At the same time, however, it recognizes that for practical reasons courts simply 'cannot demand that police officers relate the entire history of events leading up to a warrant application.'" *Id.* (quoting *Wilson*, 212 F.3d at 787). Plaintiff does not explain how the information was recklessly omitted, but instead proclaims as much. (Pl.'s Resp., ECF No. 26, at 12).

(Pl.'s Resp., ECF No. 26, at 9).

According to Plaintiff, if the affidavit included this information[4], it would read:

> On 08/08/17 at <u>approximately 6:15pm, complainant reported to Officer Davis that at</u> 2:30pm the complainant was assaulted by her ex-boyfriend Kiwan Jackson at 6700 Elmwood Ave <u>while getting off the bus. The complainant reported to Officer Davis that she had been: (1) pushed/shoved; (2) punched; (3) grabbed; (4) slapped; (5) strangled/choked; (6) her hair pulled; and (7) threatened. The complainant reported to Officer Davis that bystanders chased the offender off.</u> The complainant was interviewed inside SWDD <u>by affiant</u> and stated she was going home from 3600 Market St and when she got off trolley at 6700 Elmwood Ave she started walking towards Buist on 67th Street when Kiwan Jackson jumped out of the bushes and punched her in the face and threw her to the ground. He started choking her saying "bitch I am going to kill you and those fucking kids!" He stated "die bitch die, die!" The complainant further stated an unknown male helped get the offender off of her, <u>who then was engaged in a fight with Kiwan Jackson while</u> ~~and she~~ the complainant ran home <u>and called her father and sister. The complainant could not identify the unknown male.</u>
>
> The complainant <u>reported</u> that she suffered swelling and pain on the right side of her face and the right side of her neck felt swollen and she felt pain when she turned her neck. <u>I observed redness on the right side of her face, which also appeared swollen.</u>
>
> <u>The complainant reported that she had drinks with the offender approximately one month ago and that they communicate by Facebook messenger. I did not obtain the Facebook communications.</u>
>
> <u>I went to the scene and knocked on doors, but was unable to locate any corroborating witnesses.</u>
>
> <u>I was unable to locate any cameras that may have recorded the alleged assault.</u>
>
> <u>I am unaware of any independent reports or calls concerning the alleged assault that allegedly occurred on a public street and allegedly resulted in a second assault.</u>
>
> <u>I did not make any efforts to speak to Mr. Jackson, who the</u>

---

[4] In this reconstructed affidavit, previously omitted information is underlined. Newly deleted information is crossed out.

12

> complainant alleged lives in Sharon Hill, PA.
>
> I also did not make any effort to speak to the complainant's sister or father.
>
> The complainant identified a single photo of ~~the offender~~ Kiwan Jackson as the alleged offender.

(*Id.* at 13-14) (citations omitted).

Plaintiff argues that based on this reconstructed affidavit a reasonable jury could find probable cause did not exist and therefore summary judgment should be denied. (Pl.'s Resp., ECF No. 26, at 7-8). He points to various purported shortcomings of Defendant's investigation. (*Id.* at 9). He contends that a jury could decide in his favor because Defendant could not locate eyewitnesses, did not speak to Plaintiff before submitting the Affidavit of Probable Cause, did not speak to Overton's family members, and did not request copies of Overton's and Plaintiff's conversation on Facebook. (*Id.*).

I disagree that these facts would permit a jury to find a lack of probable cause. Defendant was not required to state in the affidavit all of the information he obtained, let alone all of the information he did *not* obtain. *See Wilson*, 212 F.3d at 786-87 (only "material" or "necessary" facts must be included). The information Plaintiff cites falls into this latter category. Defendant did not obtain Facebook communications between the parties, camera footage of the alleged event, or statements from witnesses, Overton's family or Plaintiff. However, Defendant had no obligation to "relate the entire history of events leading up to a warrant application." *Dempsey*, 834 F.3d at 471 (quotations omitted); *see also Wilson*, 212 F.3d at 788 ("a police officer cannot be expected to present a judge with complete background"). Moreover, as Defendant observes, the lack of any reference to social media or other communications between the parties, camera footage, or personal statements "would logically lead a magistrate to conclude none existed." (Def.'s Reply, ECF No. 25, at 5).

Summary judgment is proper here because even Plaintiff's reconstructed affidavit

13

establishes probable cause. As stated above, "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti*, 71 F.3d at 483; *see also Merkle*, 211 F.3d at 789 ("[P]robable cause is defined in terms and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing a crime."). Overton reported the assault, consistently identified Plaintiff as her assailant, and had injuries consistent with her reports. (Aff. Probable Cause, Ex. H, ECF No. 25-9; *see also* Police Report, Ex. B, ECF No. 25-3; Overton Interview, Ex. F, ECF No. 25-7; Injury Photographs, Ex. G, ECF No. 25-8). In light of those facts and circumstances, a reasonable person would believe an offense has been committed. *Orsatti*, 71 F.3d at 483.

Indeed, although not an absolute rule, the Third Circuit has stated "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause." *Wilson v. Russo*, 212 F.3d 781, 790-91 (3d Cir. 2000); *see also Andrews v. Scuilli*, 853 F.3d 690, 701 (3d Cir. 2017) (noting the *Wilson* court "concluded that '[w]hen a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause.'"). Here, Overton positively identified Plaintiff and had injuries consistent with an assault.

As Detective Connell explained at his deposition:

> A: [Overton] was upset and she had been crying.
>
> Q: Okay. You found Ms. Overton credible?
>
> A: Yes.
>
> Q: Why?
>
> A: Well, she made a police report, she came up to the Detective Division right away, I observed what I thought were injuries, she stated what happened. So, you know, I felt that she was credible. I wouldn't have put a warrant in for somebody's

14

      arrest if I thought she was lying to me.

(Connell Dep., Ex. E, ECF No. 25-6, at 51:10-19).

  On this basis of Overton's statements and reports, as well as her injuries, probable cause existed for Plaintiff's arrest. *Cf. Anderson v. Perez*, 677 F. App'x 49, 52 (3d Cir. 2017) ("The warrant application and supporting affidavit contained statements from a victim . . . who identified [Plaintiff]. [The victim's] statements implicating [Plaintiff] were corroborated by [the victim's] physical injuries. This information, taken together, gave rise to probable cause that [Plaintiff] committed an offense."); *Lincoln v. Hanshaw*, 375 F. App'x 185, 189 (3d Cir. 2010) (concluding probable cause existed because "[t]he arrest warrant applications recount the statements of [] the alleged victim of and eyewitness to the crime, that he was in fact assaulted by [plaintiffs], and identified them as his attackers. The detectives' reasonable belief that an offense had been committed was buttressed by the fact that [the victim] had, in fact, been treated for lacerations on the date he was attacked, a fact that was included in the arrest warrant applications."); *Lynn v. Christner*, 184 F. App'x 180, 184 (3d Cir. 2006) (stating that "[the victim's] credible identification of [Plaintiff] as the person who robbed her was sufficient to establish probable cause to arrest him.").

  Probable cause was established by Overton's statements, reports, and injuries. (Aff. Probable Cause, Ex. H, ECF No. 25-9; *see also* Police Report, Ex. B, ECF No. 25-3; Overton Interview, Ex. F, ECF No. 25-7; Injury Photographs, Ex. G, ECF No. 25-8). A reconstructed affidavit including Plaintiff's alleged omitted facts—that Defendant did not locate other witnesses or camera footage, did not obtain Facebook conversations, and did not speak to Plaintiff—would not materially differ from the one submitted to the magistrate judge because the reconstructed affidavit would still state that Overton consistently identified Plaintiff as her assailant and had resultant injuries. The omitted facts have no bearing on the salient points that

15

Overton positively identified Plaintiff, which forms the basis of the probable cause. Because the omitted facts do not impact the established probable cause, Plaintiff's claim fails as he cannot show, as he must, that "such statements or omissions are material, or necessary to the finding of probable cause." *Wilson*, 212 F.3d at 786-87; *cf. also Freeman v. Murray*, 163 F. Supp. 2d 478, 489 (M.D. Pa. 2001) ("Because we have concluded that probable cause did exist for the plaintiff's arrest, summary judgment is proper in favor of [Defendant] on the false arrest claim.").

Moreover, where an officer has established probable cause, he is "not required to undertake an exhaustive investigation in order to validate the probable case that, in his mind, already existed." *Merkle*, 211 F.3d at 790 n.8; *see also Davis v. Malitzki*, 451 F. App'x 228, 233 (3d Cir. 2011) ("[E]vidence that might exonerate a defendant does not defeat probable cause."); *Lynn*, 184 F. App'x at 184 ("The defendants were not required to undertake an exhaustive investigation in order to validate the probable cause that already existed in the officers' minds."). As noted above, probable cause was established based on Overton's statements describing Plaintiff as her assailant and her corresponding injuries. *Petaccio v. Davis*, 76 F. App'x 442, 445 (3d Cir. 2003) ("A victim's identification of a party as the perpetrator may validly provide probable cause to charge that party." (citing *Wilson*, 212 F.3d at 790-91)). Although Plaintiff contends Defendant should have performed his investigation differently, such contentions do not dissolve the established probable cause. *Cf. Langford*, 787 F. App'x at 123 (discussing other events and noting "[b]ut that does not undermine what she saw, heard, and told the police. That detailed 'credible eyewitness' report alone amounts to probable cause." (citing *Merkle*, 211 F.3d at 790 n.8)); *Livingston v. Allegheny Cnty.*, 400 F. App'x 659, 666 (3d Cir. 2010) ("Once probable cause to arrest existed in [Defendants'] minds, they were not required to investigate further." (citing *Merkle*, 211 F.3d at 790 n.8)).

Accordingly, summary judgment in favor of Defendant is appropriate. Viewing the evidence most favorably to Plaintiff, probable cause existed based on Overton's identifications and injuries. Because probable cause existed, Plaintiff's claims fail, and summary judgment in favor of Defendant is proper.[5]

IV.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. When viewing the evidence in the light most favorably to Plaintiff as the nonmoving party, probable cause existed as a matter of law. Because probable cause existed, Plaintiff cannot advance his claims against Defendant, and summary judgment in favor of Defendant is appropriate. Therefore, Defendant's Motion is granted.

BY THE COURT:

\_\_/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
United States Magistrate Judge

---

[5] Because probable cause exists and summary judgment is entered in favor of Defendant, I decline to address Defendant's further arguments that Plaintiff cannot prove the other elements of his malicious prosecution claim and that Defendant is entitled to qualified immunity. (Def.'s Mot. Summ. J., ECF No. 25, at 11-14).